01
02
03
04
05

06 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
07 AT SEATTLE

08 JOHN ROBERT DEMOS, JR.,              )   CASE NO. C12-2274-RSL-JPD
                                        )
09        Plaintiff,                    )
                                        )
10     v.                               )   REPORT AND RECOMMENDATION
                                        )
11 ALEX KOSTIN, *et al.*,               )
                                        )
12        Defendants.                   )
                                        )
13                                      )

14        On December 27, 2012, **bar-order litigant John Demos** applied for leave to proceed in

15 forma pauperis ("IFP") with a proposed civil-rights complaint.  (Dkts. 1, 1-1, 3.)   Plaintiff

16 may submit only **three** IFP applications and proposed actions each year.  *See In re John Robert*

17 *Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions*

18 *Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).   Furthermore, under 28 U.S.C.

19 § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed

20 IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure

21 to state claim.  *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).   An

22 Order of this Court also provides for the return without filing of any petition by Mr. Demos that

REPORT AND RECOMMENDATION
PAGE -1

01 seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied

02 by the filing fee.  *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997).

03        Plaintiff already submitted three IFP applications and proposed actions in 2012.  *See*

04 *Demos v. United States*, C12-866-MJP-BAT (W.D. Wash., filed May 17, 2012); *Demos v.*

05 *United States*, C12-867-TSZ-JPD (W.D. Wash., filed May 17, 2012); *Demos v. Fraker*,

06 C12-915-RSM-MAT (W.D. Wash., filed May 24, 2012).   Bar orders therefore prevent him

07 from proceeding IFP with the present action, which was filed in 2012.   Moreover, Mr.

08 Demos's proposed complaint does not contain "a plausible allegation that the prisoner faced

09 imminent danger of serious physical injury at the time of filing."  *Andrews v. Cervantes*, 493

10 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted).   Although Mr. Demos seeks

11 damages for what he characterizes as a 42 U.S.C. § 1983 matter, he actually challenges the

12 legality of his underlying state convictions, a claim that must be brought in a 28 U.S.C. § 2254

13 habeas petition.   (Dkt. 1-1, at 4–5.)  To the extent Mr. Demos brings a § 2254 habeas petition,

14 a standing order requires the rejection of his petition unless accompanied by a filing fee.   The

15 Court also notes that Mr. Demos inaccurately reports that his current conviction has been

16 vacated by a state writ of habeas corpus when, in fact, his own attachment shows that the

17 Clallam Superior Court case was dismissed.   (Dkt. 1-1, at 9.)

18        The Court recommends DENYING plaintiff's IFP application (Dkt. 1) and

19 DISMISSING the proposed complaint (Dkt. 1-1) without prejudice in accordance with standing

20 bar orders and for failure to state a claim upon which relief may be granted.  *See In re John*

21 *Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions*

22

REPORT AND RECOMMENDATION
PAGE -2

01 *Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982); 28 U.S.C. §§ 1915(e)(2)(B)(ii),

02 1915A(b)(1).   A proposed Order is attached.

03   DATED this 21st day of March, 2013.

04

05   JAMES P. DONOHUE
  United States Magistrate Judge

06

07

08

...

22

REPORT AND RECOMMENDATION
PAGE -3